Reese, J.
delivered the opinion of the court.
It has been settled in this court, by a train of decisions, supported by authority, and founded upon grounds and principles which claim our approbation, that in summary and e® parte proceedings in derogation of the common law, the court must show upon the face of the proceeding, that it has been warranted by law, and falls within the scope and limits of its authority. This salutary principle, which we have no purpose or wish to weaken or disturb, embraces not, it is believed, a case like the present. A capias ad satisfaciendum, in which a bond under the provisions of the acts of 1824 and 1825 may be executed, when returned, with the bond, to the court from which it issued, constitutes a proceeding in the original cause; if the money be paid at court, it is a satisfaction alike of the *503 bond and of the original judgment; if the oath of insolvency be taken, its effect upon, and its relation to the suit, are the same as if taken in prison. If neither of these be done, but a motion in default of these be made upon the bond against the debtor and his security, it is made in behalf of a plaintiff and against defendants, who by the very process and terms of the bond, have notice of the proceedings, have a day in court and are expressly bound to be present. In such case, the bond and process being a continuation and part and parcel of the original suit, it is not incumbent on the plaintiff, it seems to us, in his motion to describe, nor need the judgment describe, the bond, cd. sa. &c. which are of record, and already before the court.
Judgment affirmed.*

 Thiscase was decided at Jackson, April Term 1830.